**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: ) | |
| **RANDALL CRAIG NESBITT** ) | CASE NUMBER: 05- |
| ) | |
| **MARY ELIZABETH NESBITT** ) | |
| ) | |
| Debtors. ) | **CHAPTER 13** |

**CHAPTER 13 PLAN DATED MARCH 15, 2005**

**I. PLAN ANALYSIS**

**A. TOTAL DEBT and ADMINISTRATIVE EXPENSES**
1. Total Priority Claims (Class One)
   a. Unpaid attorney fees …………………………………………………………………$  1,800.00
      Total attorney's fees are estimated to be **$1,800.00** of which **$00.00** has been prepaid.
   b. Unpaid attorney's costs (estimated)…………………………………………………… $     200.00
   c. Total Taxes…………………………………………………………………………….$        00.00
      Federal:$00.00;          State:  $00.00.
      Other:  Priority Child Support Arrears………………………………………………$  13,222.00
2. Total of payments to cure defaults (Class Two)……………………………………… $   9,851.00
3. Total of payments on secured claims (Class Three) ………………………………… $   4,464.00
4. Total of payments on unsecured claims (Class Four) ……………………………… $      190.00
5. SUB-TOTAL …………………………………………………………………………$ 29,727.00
6. Total trustee's compensation (10% of Debtor's Payments)………………………… $   2,973.00
7. TOTAL DEBT and administrative expenses………………………………………..$ 32,700.00

**B. RECONCILIATION WITH CHAPTER 7**
1. Assets available to Class Four Unsecured Creditors if Chapter 7 Filed.
   a. Value of Debtor(s)'s Interest in Non-Exempt Property…………………………………… $      170.00

| Property | FMV | - Sale Costs | - Liens | X Debtor's Interest | - Exemptions | = Net Value |
|---|---|---|---|---|---|---|
| Cash/Bank Accounts | $70.00 | $ 00.00 | $00.00 | | | $70.00 |
| Camping Equipment | $100.00 | $10.00 | | | | $90.00 |

   b. Plus:  Value of Property Recoverable Under Avoiding Powers ……………………………$       00.00
   c. Less:  Estimated Chapter 7 Administrative Expenses ………………………………………$       40.00
   d. Less:  Amount to Priority Creditors–Other than Admin. Costs……………………………… $       00.00
   d. Equals:  estimated amount payable to Class 4 if chapter 7
      filed (if negative, enter 0)……………………………………………………………………..$      120.00
2. Estimated payment to Class Four unsecured creditors under the
   Chapter 13 Plan, plus any funds recovered from "other property"
   described in II.A.3 below…………………………………………………………………… $      190.00

**II. PROPERTIES & FUTURE EARNINGS SUBJECT to SUPERVISION & CONTROL of TRUSTEE**
   **A.** Debtor submits to the supervision and control of the Trustee all or such portion of the
   Debtor's future earnings or other future income as is necessary for the execution of the Plan, including:

   1. Future Earnings of **$545.00** per month for months 1 through 60, which shall be paid to the Trustee for a period of
      approximately **60** months, beginning **April 15, 2005**.
   2. Amounts necessary for the payment of Class Five post-petition claims: **None**
   3. Other Property:  **None.**

   **B.** Debtor agrees to make payments under the Plan as follows:

[  ]  VOLUNTARY WAGE ASSIGNMENT TO EMPLOYER:          [ **X** ]  DIRECT PAYMENT:
(Employer's Name, address and telephone number)                    from Debtor to Trustee

Paid in the following manner:

$        to be deducted (weekly, bi-weekly, i.e., per pay period)

**III. CLASSIFICATION and TREATMENT of CLAIMS**

A. **Class One - Claims entitled to priority under 11 U.S.C. § 507**.  Unless otherwise provided in paragraph III(C), each creditor in Class One will be paid in full in deferred cash payments prior to the commencement of distributions to any other class (except that payments to the Trustee shall be made by deduction from each payment made by the Debtor to the Trustee) as follows:

   1. Allowed Administrative Expenses

      a. Trustee's Compensation (10% of debtor's plan payments……………………………………… $  2,973.00
      b. Attorney's Fees (estimated and subject to allowance)……………………………………….. $  1,800.00
      c. Attorney's Costs (estimated and subject to allowance)……………………………………….. $    200.00
   2. Federal Taxes……………………………………………………………………………………..$       00.00
   3. State Taxes………………………………………………………………………………………… $       00.00
   4. Other Taxes (describe)…………………………………………………………………………… $       00.00
   3. Other Class One Claims – Priority Child Support Arrears……………………………………... $  13,222.00
   [ ] None

   [ X ] Priority support arrearage:  Debtor owes past due support to the Commonwealth of Virginia, on behalf of his ex-wife, in the total amount of $31,809.00 that will be paid as follows:

      [ X ] Distributed by the Trustee pursuant to the terms of the Plan; or
      [  ] Debtor is making monthly payments via a wage order [ ] or directly [ ] (reflected on Schedule I or J) in the amount of $      to            .  Of that monthly amount, $      is for current support payments and $     is to pay the arrearage.
      [  ] Other:

B. **Class Two - Defaults**

   1. **Class Two – A:  Claims set forth below are secured *only by an interest in real property that is the debtor's principal residence*.**  Defaults shall be cured and regular payments shall be made.
   [ ] None

| Creditor | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per Month to be Made Directly to Creditor & 1st Payment Date |
|---|---|---|---|---|---|
| COUNTRYWIDE (1ST Mtg.) | $9,619.00 | | $9,619.00 | | $1,101.00;    APRIL 01, 2005 |
| CITIFINANCIAL  (2ND Mtg.) | $ 232.00 | | $ 232.00 | | $ 232.00;    APRIL   , 2005 |

   2. **Class Two – B:  Pursuant to 11 U.S.C. §1322(b)(5) (*other than claims secured only by an interest in real property that is the debtor's principal residence*) or unsecured claims set forth below on which the last payment is due after the date on which the final payment under the Plan is due**.  Defaults shall be cured and regular payments shall be made:
   [ X ] None

| Creditor | Total Default Amount to be Cured | Interest Rate | Total Amount to Cure Arrearage | No. of Months to Cure | Regular Payment per Month to be Made Directly to Creditor & 1st Payment Date |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

   3. **Class Two – C:  Executory contracts and unexpired leases**.  Executory contracts and unexpired leases are rejected, except the following which are assumed:
   [ X ] None

| Other Party to Lease of Contract | Property, if any, Subject to the Contract or Lease | Total Amount to Cure, if any | Number of Months to Cure | Regular Monthly Payment Made Directly to Creditor and Date of First Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   *In the event that debtor rejects the lease or contract, creditor shall file a proof of claim or amended proof of claim reflecting the rejection of the lease or contract within 30 days of the entry of the order confirming this plan, failing which the claim may be barred.*

C. **Class Three – All other allowed secured claims (other than those designated in Classes 2A and 2B above) shall be divided into separate classes and provided for as follows:**
   [ ] None

   1. **Modification:**  The following creditors shall retain the liens securing their claims, and they shall be paid the amount specified which represents the lesser of:
      (A) The value of their collateral, or
      (B) the remaining balance payable on the debt over the period required to pay the sum in full.

| Creditor | Treatment Specification (A or B above) | Description of Collateral | FMV | Amount of Scheduled Debt | Interest Rate | Total Amount Payable |
|---|---|---|---|---|---|---|
| AMERICREDIT | A | 1998 FORD TAURUS | $3,600.00 | $8,333.00 | 10% | $4,464.00 |

*If debtor is proposing to modify the rights of a secured creditor, debtor must specifically serve such creditor in the manner specified in Fed.R. Bankr.P. 9014 and 7004.*

2. **Surrender:**  The debtor surrenders the following property securing an allowed secured claim to the holder of such claim:

| Creditor | Property | Anticipated Date of Surrender |
|---|---|---|
|  |  |  |

Relief from the automatic to permit enforcement of the liens encumbering surrendered property shall be deemed granted by the Court at the time of confirmation of this Plan.  With respect to property surrendered, no distribution on the creditor's claim shall be made unless that creditor shall file a proof of claim or an amended proof of claim to take into account the surrender of the property.

3. **Adequate Protection:**  The following creditor(s) shall receive payments in the nature of adequate protection as follows:
[ ]  None

| Creditor | Collateral | Adequate Protection Payment Paid Through the Trustee | Adequate Protection Payment Paid By the Debtor(s) | No. of Months Until Regular Payments Under Plan |
|---|---|---|---|---|
| AMERICREDIT | 1998 FORD TAURUS | $75.00 |  | 52 |

D. **Class Four – Allowed unsecured claims not otherwise referred to in the Plan**:  Class Four claims are provided for as follows:

1. [ **X** ] Class Four Claims are of one class and shall be paid pro rata ___ % of such claims (or shall share pro rata the sum of **$190.00**) and shall be paid all funds remaining after payment by the Trustee of all prior classes; or
2. [ ] Class Four claims are divided into more than one class as follows:

E. **Class Five – Post-petition claims allowed under 11 U.S.C. § 1305**.  Post-Petition claims allowed under § 1305 shall be paid as follows:
[ ]  None

## IV. OTHER PROVISIONS

A. **Direct Payment** will be made to the creditor by the Debtor(s) on the following claims:

| Creditor | Collateral, if any | Monthly Payment Amount | No. of Months to Payoff |
|---|---|---|---|
|  |  |  |  |

B. **The Effective Date of This Plan** will be the date of entry of the Order Confirming this Plan.

C.  **Order of Distribution:**
1. [ **X** ] The amounts to be paid to the Class One creditors shall be paid in full, except that the Chapter 13 Trustee's fee shall be paid up to, but not more than, the amount accrued on actual payments made to date.  After payment of the Class One creditors, the amounts to be paid to cure the defaults of the Class Two A, Class Two B and Class Two C creditors shall be paid in full before distributions to creditors in classes Three, Four and Five.  The Class Three creditors shall be paid in full before distributions to creditors in classes Four and Five.  Distributions under the plan to unsecured creditors will only be made to creditors whose claims are allowed and are timely filed pursuant to Fed.R.Bankr.P. 3002 and 3004 and after payments are made to Classes One, Two A, Two B Two C and Thee above in the manner specified in Section III.
2. [ ] Distributions to classes of creditors shall be in accordance with the order set forth above, except:

D. **Motions to Void Liens Under 11 U.S.C § 552(f).**  In accordance with Fed.R.Bankr.P. 4003(d), Debtor(s) intend to file, of have filed, *by separate motion served in accordance with Fed.R.Bankr.P. 7004,* a motion to void lien pursuant to 11 U.S.C § 522(f) as to the secured creditors listed below:

| Creditor | Collateral | Date Motion to Void Lien Filed | Date of Order Granting Motion or Pending |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

E. **Student Loans:**
[ ] No Student Loans
[ X ] Student Loans are to be treated as follows:  $80.00 per month, interest only, to be paid to 2 student loans outside the Plan for the duration of the case.

F. **Restitution:**
[ X ] No Restitution Owed
[ ] Debtor owes restitution in the total amount of $          which is paid directly to          in the amount of $          per month for a period of          months.
[ ] Debtor owes restitution to be paid as follows:

G. **Other:**

H. Creditors having Class 2 and Class 3 Claims that are provided for in this Plan can continue sending invoices to the Debtors.

V. **REVESTMENT OF PROPERTY IN THE DEBTOR(S)**
Property of the Estate shall vest in the Debtor(s) at the time of confirmation of this Plan

VI. **INSURANCE**
Insurance in the amount to protect liens of creditors holding secured claims is currently in effect and will [ ]  will not [ ] be obtained and in force throughout the period of the Plan.

| Creditor | Collateral | Coverage Amount | Insurance Company, Policy No. and Agent Name, Address and Phone No. |
|---|---|---|---|
| **COUNTRYWIDE/CITIFINANCIAL** | Residence |  | **Allstate** |
| **AMERICREDIT** | **1998 FORD TAURUS** | **FULL** | **NATIONWIDE** |

[ ] Applicable policies will be endorsed to provide a clause making the applicable Creditor a loss payee of the policy.

Dated: 03/16/2005

\s\ Dewayne Gooch                                      \s\ Randall Craig Nesbitt
Dewayne Gooch, P.C.      #24892              Randall Craig Nesbitt, Debtor
Attorney for Debtor(s)
2532 West Colorado Ave.
Colorado Springs, CO 80904
(719) 636-0001
(719) 636-1529 – Fax                                    \s\ Mary Elizabeth Nesbitt
                                                                      Mary Elizabeth Nesbitt, Debtor